## RICARDO BLASQUEZ MACHOLA, Plff.,

*v.*

## HERACLIO MEDINA, Dft.

---

Ponce, Law, No. 297.

MOTION FOR SECURITY FOR COSTS.

Costs—Security for.
1. Plaintiff having filed an affidavit showing that he has personal property at a certain place within the jurisdiction amounting to $1,600, and having paid the docket fee, he will not be required to give security for costs.

Costs—Security for.
2. An attachment bond is conditioned to answer for the damages caused by the attachment, and does not cover other costs of the suit; it cannot, therefore, take the place of a cost bond.

Opinion filed August 5, 1916.

---

*Mr. José A. Poventud* and *R. V. Perez-Marchand* for plaintiff.

*Messrs. Sydney Edwards* and *José Maldonado* for defendant.

Machola v. Medina.

HAMILTON, Judge, delivered the following opinion:

1. Since the last hearing the plaintiff has filed an affidavit showing that he has an automobile, saddle horse, and a certain claim against the Cruz Roja Pharmacy, making up a total of personal property of $1,600, and has moreover paid the docket fee of $25. A chattel mortgage not being recognized in Porto Rico, it would follow that this property is subject to any execution for costs, although of course the defendant would have to keep the matter in mind for the future and see that this property is retained.

On the showing made, the motion therefore will be refused, provided the plaintiff amends his affidavit so as to show that the automobile and saddle horse are in Porto Rico, or rather to show where in Porto Rico they are. That would seem to follow from the tenor of the affidavit, but it ought to be stated definitely. So, I refuse the motion on condition that the affidavit is amended in those particulars. The clerk will consider the application refused from the date the affidavit is so amended.

2. Another point raised in the case is that the attachment bond which was given is sufficient to cover the costs, and so there is no necessity for anything further. It may not be necessary to pass upon this under the situation above outlined, but it might be observed that an attachment bond is rather strictly construed. There are other parties signing it as sureties besides the principal maker himself, and it would not be construed beyond its terms, and its terms of course should follow the wording of the statute. Now in this particular case it seems to say that the obligors will respond for damages growing out of the attachment. It is not clear that this would cover the

Machola v. Medina.

costs of the case unless that is so expressed in the bond. It is conceivable that this case might go on, and a great number of witnesses and a large amount of documentary evidence be produced, and the costs might amount to a thousand dollars, and those costs, may be, would run up as costs quite independent of the fact whether there was any attachment or not. For that reason the attachment bond that is given in it does not necessarily cover the costs of the case. It covers the damages growing out of the unlawful attachment of property, and it might be that it could be so worded as to cover costs, but whether it would be so construed in this case or not is not decided.